No. 3778.

## Court of Appeal, Parish of Orleans.
## BERLIN MANUFACTURING COMPANY vs. IKE SCHIMSKY.

Plaintiff having obtained a judgment, from which judgment defendant appealed to this Court, and such defendant having later made application to his creditors for a respite, defendant now urges that plaintiff is without right to prosecute his claim in this Court pending the final determination of the respite proceedings in the Court below.

Held: The judgment appealed from will be affirmed, the execution thereof, however, to be dependent upon the final decision of defendant's application for a respite.

Appeal from Civil District Court, Division "D."

J. Zach. Spearing, for Plaintiff and Appellee.

Edgar M. Cahn, for Defendant and Appellant.

ESTOPINAL, J. On the 12th of May, 1905, plaintiff obtained a judgment in the Civil District Court for two hundred and fifty-two dollars and ninety-seven cents ($252.97), with legal interest from March 13, 1903, on two hundred and three dollars and four cents ($203.04), and legal interest on forty-nine dollars and ninety-three cents ($49.93), from September 14, 1904.

From this judgment, defendant suspensively appealed to this Court, the appeal being made returnable on the second Monday of June, 1905.

On November 29, 1905, the defendant filed in this Court an exception and plea to stay proceedings, all of which is admitted by counsel at the bar of this Court, advering:

"That in proceedings No. 77,018 of the Docket of the Civil District Court for the Parish of Orleans, Division "B," entitled "Ike Schimsky vs. His Creditors" asking for a respite, on the 29th day of September, 1905, and succeedings days, at a meeting of creditors, held under order of Court before Scott E. Beer, Notary Public of the Parish of Orleans, a majority in number and amount of the creditors of appellant present at the said meeting voted in favor of granting a respite to appellant for 12, 18 and 24 months from the homologation of said meeting as prayed for; that plaintiff and appellee herein was mentioned upon the

schedule for respite, a copy of which schedule was before the said meeting of which the creditors were duly notified according to law; that the proces verbal of said meeting, granting said respite, had been filed in the Civil District Court of this Parish of Orleans, on the 16th of October, 1905, but an opposition has been filed to the homologation thereof by the Berlin Manufacturing Company, plaintiff and appellee herein, and the said Berlin Manufacturing Company has prayed in said opposition that meeting of the creditors be not approved nor homologated, and that the order rendered in said respite proceedings on August 25, 1905, staying all proceedings against the person or the property of appellant be annulled and set aside; that the Civil District Court, aforesaid, has not yet passed upon the said opposition, and the same is still pending; that the said order of Court staying all proceedings against the person or property of appellant is still in full force and effect, and that the plaintiff and appellee herein has expressly recognized the present force and effect of said order staying proceedings by reason of this oppostion above referred to; that by reason of the foregoing order of Court and circumstances above set forth, plaintiff and appellee cannot proceed further with this cause; and that the said suit entitled Berlin Manufacturing Company vs. Ike Schimsky, as well as this appeal from Judgment therein, were both filed and lodged long before the said respite was applied for and before the order staying proceedings, referred to above, was granted."

Notwithstanding the fact that the opposition of plaintiff to the homologation of the meeting of the creditors is still pending, we are of the opinion that this Court may pass upon the merits of the cause, but in so holding, we must annouce here, that the decree of this Court will be made to conform, so far as its execution is concerned, to the final judgment to be rendered on the defendant's petition for respite.

In Edgefield & Nashville Manufacturing Company vs. Michel Lion & Co., where practically the same issues were involved, this Court said:

"Nothing that we may decide on the merits of this cause can impair the assertion of defendant's rights under the bankrupt

law, when our decree, whether of affirmance or reversal, reaches the Court of the first instance."

This Court then quotes Hill vs. Bourrier, in which the Supreme Court said:

"In order to guard against misapprehension, we take occasion to add that when a judgment is affirmed on appeal, the decree of affirmance gives it no new force or effect. If a discharge of bankruptcy could have been set up against the enforcement of the judgment in the event that no appeal had been taken, the affirmance of that judgment by this Court could not prevent or interfere with the legal consequence and effect; and in no event could the action of this Court, in the appeal, deprive the appellant of any right, or remedy, or relief, under the bankrupt law, against that judgment to which he may have become entitled after it was rendered."

There being no contest on the merits, the judgment of the lower Court is hereby affirmed, the execution thereof, however, to be dependant upon the final determination of defendant's application for respite.